**Bill Max OVERTON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 05–1207.

United States Court of Appeals, Federal Circuit.

March 31, 2005.

Before MAYER, RADER, and DYK, Circuit Judges.

*ORDER*

PER CURIAM.

We consider whether this appeal should be dismissed for lack of jurisdiction.

Bill Max Overton sued the Commissioner of Internal Revenue in the United States Tax Court. Overton filed a motion for a jury trial. The Tax Court denied the motion and Overton filed a notice of appeal, seeking review of the Tax Court's order in this court.

We have no jurisdiction to review cases filed in the Tax Court. 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court. . . ."). Additionally, it is not appropriate pursuant to 28 U.S.C. § 1631 to transfer this case to the United States Court of Appeals for the Fifth Circuit, which might otherwise have jurisdiction over an appeal from a final

were issued on October 5 or October 8.

decision in this matter. Overton seeks review of an interlocutory order of the Tax Court that was not certified for permissive appeal. See 26 U.S.C. § 7482(a)(2) (Tax Court may certify an interlocutory order for permissive review).

Thus, because the Fifth Circuit would not have appellate jurisdiction over an appeal of the interlocutory order, transfer of this appeal is not appropriate. 28 U.S.C. § 1631 ("Whenever a civil action . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed. . . .").

Accordingly,

IT IS ORDERED THAT:

This appeal is dismissed for lack of jurisdiction.